OPINION
Appellants Linda O. and Michael J., parents of Travis J., set forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 LCCS FAILED TO HOLD CONTINUOUS TEMPORARY CUSTODY OF THE CHILD FOR SIX MONTHS IMMEDIATELY PRECEDING ITS FILING THE MOTION FOR PERMANENT CUSTODY, THUS CONTRAVENING O.R.C. 2151.413(A) AND DEPRIVING THE JUVENILE COURT OF THE AUTHORITY WITH WHICH TO GRANT THE MOTION.
"SECOND ASSIGNMENT OF ERROR
 THE GUARDIAN AD LITEM WAS NOT CORRECTLY APPOINTED, RENDERING HER PARTICIPATION IN THE PERMANENT CUSTODY TRIAL NULL AND VOID.
"THIRD ASSIGNMENT OF ERROR
 NO SWORN TESTIMONY WAS PRESENTED AT THE SHELTER CARE HEARING OF SEPTEMBER 9, 1996.
"FOURTH ASSIGNMENT OF ERROR
 THE CUMULATIVE ERRORS HEREIN CAUSED IRREPARABLE HARM TO APPELLANTS."
The facts that are relevant to the issues raised on appeal are as follows. On May 10, 1995, appellee Lucas County Children Services ("LCCS") removed Travis J., who was then ten months old, from the home of his parents Linda O. and Michael J. pursuant to an ex parte order. On May 11, 1995, appellee filed a "COMPLAINT IN DEPENDENCY AND MOTION FOR SHELTER CARE HEARING." On May 11, 1995, a shelter care hearing was held and emergency temporary custody was awarded to appellee.
On July 13, 1995, adjudication and disposition hearings were held. The parents consented to a finding of dependency and temporary custody was awarded to LCCS. On November 29, 1995, LCCS filed a motion to change placement and terminate temporary custody of Travis. On December 21, 1995, a hearing was held on the motion. After hearing testimony from appellants' caseworker and family aid, the magistrate ordered visitation to continue and continued the matter for further hearing. On March 14, 1996, the matter came on for further hearing and the magistrate terminated the agency's custody of Travis and granted legal custody to appellant Linda O. The magistrate further ordered LCCS to provide protective supervision of Travis effective that date.
On September 6, 1996, the trial court issued an ex parte
order granting custody of Travis to LCCS. On September 9, 1996, LCCS filed a motion for shelter care and permanent custody. At the conclusion of the hearing, the magistrate found that continued placement in shelter care was required and awarded temporary custody of Travis to LCCS. Hearing on the motion for permanent custody was held on December 2 and 3, 1996. On December 6, 1996, the trial court filed its judgment entry in which it granted permanent custody of Travis J. to LCCS.
In their first assignment of error, appellants assert that the trial court erred by granting the motion for permanent custody because LCCS had not held continuous temporary custody of Travis for six months immediately preceding the filing of the motion for permanent custody. Appellee LCCS did not file a brief with this court.
The relevant statute in this case is the former R.C.2151.413, which stated in part that a children services agency that has been granted temporary custody of a child may make a motion for permanent custody "if a period of at least six months has elapsed since the order of temporary custody was issued."
The Supreme Court of Ohio recently considered former R.C. 2151.413 in In re Hayes (1997), 79 Ohio St.3d 46. The procedural facts in Hayes are very similar to those in this case. In Hayes, a child was placed in the temporary custody of the local children's protective services for approximately seven months, after which he was returned to his mother's custody. He remained in his mother's custody for approximately six months until he was again removed from the home. Three days after the child was placed in emergency temporary custody, the protective services agency filed a motion for permanent custody. The motion was eventually granted, but the Court of Appeals for Hancock County reversed the trial court's judgment, finding that the protective services agency had failed to comply with the procedures set forth in the former R.C. 2151.413(A).
The Supreme Court held in Hayes that:
 "* * * former R.C. 2151.413(A) required that a children services agency seeking permanent custody of a child must have had temporary custody of the child for at least six months immediately preceding the filing of the motion for permanent custody."
LCCS had temporary custody of Travis until March 14, 1996, when legal custody was returned to Linda O. Travis was in his mother's custody until September 6, 1996, when the trial court ordered LCCS to take him into emergency shelter care custody. On September 9, 1996, when LCCS filed its motion for shelter care and permanent custody, the agency had not had continuous temporary custody of Travis "for at least six months immediately preceding the filing of the motion for permanent custody."
Upon consideration of the foregoing, this court finds that the trial court did not have authority to grant appellee's motion for permanent custody and appellants' first assignment of error is well-taken.
In light of our finding above, appellant's second, third and fourth assignments of error are moot.
On consideration whereof, this court finds that substantial justice was not done the parties complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.